## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **JENNIFER NELSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 05-2350-KHV** |
| **SPRINT/UNITED MANAGEMENT CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On November 9, 2006, after a three-day trial, the jury returned a verdict in favor of defendant on plaintiff's claims of employment discrimination and retaliation. On January 9, 2007, defendant filed a proposed bill of costs in the amount of $4,112.97. See Doc. #91. On April 2, 2007, the Clerk taxed costs in the total amount of $4,064.97.[1] This matter comes before the Court on Plaintiff's Motion For Re-Tax ("Plaintiff's Motion") (Doc. #95) filed April 5, 2007.

The Clerk taxed costs in the following amounts: $2,782.15 for deposition and trial transcripts; $953.00 for copies; and $329.82 for loading transcripts to Trial Director.[2] Plaintiff complains that the costs are excessive and were not necessary for trial. Section 1920, Title 28, governs taxation of costs under Rule 54(d), Fed. R. Civ. P. Section 1920 provides that a judge or clerk may tax as costs the following expenses:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript

---

[1]     The Clerk excluded costs for shipping and handling, E-transcripts and Ascii disks, which reduced by $48.00 the amount which defendant requested.

[2]     Defendant maintains that it loaded plaintiff's videotaped deposition into Trial Director so that it could show pertinent excerpts of the deposition at trial. See Sprint's Reply In Support Of Bill Of Costs ("Sprint's Reply") (Doc. #93) filed January 29, 2007 at 2.

necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  The Court has no discretion to award costs which are not specifically set forth in Section 1920.  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987).

As the party seeking costs, defendant has the burden to establish the amount of compensable costs and expenses to which it is entitled.  See Allison v. Bank One-Denver, 289 F.3d 1223, 1248-49 (10th Cir. 2002).  At the same time, where the requested costs are authorized under Section 1920, a presumption arises that costs will be awarded.  See Whitaker v. Trans Union Corp., No. 03-3251-CM, 2006 WL 2574185, at *1 (D. Kan. Aug. 8, 2006); Green Constr. Co. v. Kan. Power & Light Co., 153 F.R.D. 670, 674 (D. Kan. 1994).  Once defendant shows that particular costs are authorized by statute, plaintiff bears the burden to show that the costs are otherwise improper.  See Cantrell v. IBEL Local 2021, 69 F.3d 456, 459 (10th Cir. 1995); Whitaker, 2006 WL 2574185, at *1.

## I.      Deposition And Trial Transcripts

Defendant seeks $968.00 for the transcript of plaintiff's trial testimony.  Plaintiff complains that the cost was not reasonably necessary for trial.  To award the premium cost of a daily trial transcript, the Court must find that daily copy was necessarily obtained, judged at the time of transcription.  See U.S. Indus., Inc. v. Touche Ross & Co., 854 F.2d 1223, 1248 (10th Cir. 1988), overruled on other grounds as recognized by Anixter v. Home-Stake Prod. Co., 77 F.3d 1215, 1231 (10th Cir. 1996).  The Court exercises discretion in determining whether a transcript was necessarily obtained for use in the case.  See U.S. Indus., 854 F.3d at 1245.  To satisfy the test, the transcript

2

must have been "necessary" to counsel's effective performance or the Court's handling of the case. See 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2677, at 438-40 (3d ed. 1998).  This does not include transcripts procured primarily for the convenience of counsel.  See id.; U.S. Indus., 854 F.3d at 1245.

Defendant contends that it used the transcript to prepare for cross examination and closing argument.  See Sprint's Reply In Support Of Bill Of Costs ("Sprint's Reply) (Doc. #93) filed January 29, 2007 at 3.  In light of the short length of trial and the non-complexity of plaintiff's claims, the Court is not persuaded that daily transcript was necessary to counsel's performance, and not merely for counsel's convenience.  Cf. Burton v. R.J. Reynolds Tobacco Co., 395 F. Supp.2d 1065, 1079 (D. Kan. 2005) (cost of daily trial transcript reasonably necessary to trial preparation where case sufficiently  lengthy, complex and contentious).  Accordingly, the Court will not tax the cost of $968.00 for a transcript of plaintiff's trial testimony.

Defendant seeks $1,603.55 for plaintiff's video deposition and a transcript thereof.  Plaintiff complains that both costs were unnecessary and that defendant is entitled to recover only the cost of transcription.  Defendant played portions of the videotape at trial, and the Court finds that defendant necessary obtained the videotaped deposition for use in the case.  In Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1477 (10th Cir. 1997), the Tenth Circuit found that costs associated with videotaping a deposition are taxable under Section 1920(2).  In addition, the Tenth Circuit recognized that in most cases, a stenographic transcript of a videotaped deposition will be "necessarily obtained for use in the case."  Id. at 1478.  The Court agrees that is the case here.  Accordingly, defendant may recover $1,603.55 for plaintiff's video deposition and a transcript thereof.

Defendant seeks $258.60 for transcripts of the depositions of Scott Skibell and Christy Smith.

Plaintiff does not object to these costs.  Accordingly, the Court will allow $1,862.15  ($1,603.55 + $258.60) for deposition transcripts.

## II.        Photocopies

Defendant seeks $953.00 for photocopies of exhibits for trial.  Plaintiff contends that the cost is excessive because plaintiff provided copies of her exhibits, which were the bulk of all exhibits identified for trial.  See Plaintiff's Motion at 1.  On the other hand, defendant maintains that plaintiff identified hundreds of exhibits which it had to copy in case plaintiff offered them at trial.  See Sprint's Reply (Doc. #93) at 2-3.  On this record, the Court finds that defendant necessarily obtained the copies for use in the case.  Accordingly, defendant may recover $953.00 for photocopies.

## III.       Loading Transcripts To Trial Director

Defendant seeks $329.82 for loading plaintiff's videotaped deposition into Trial Director.[3] Plaintiff complains that defendant has not clearly identified the cost, that the cost is excessive and was not reasonably necessary for trial, and that defendant has not provided an invoice or statement to verify the charge.  On its proposed bill of costs, defendant states that it paid the amount to RSI for "Loading Transcripts to Trial Director for trial."[4]  Doc. #91 at 3.  In response to plaintiff's objections, defendant states that it incurred the cost because it was required to edit the videotaped deposition and

---

[3]      Defendant does not explain what Trial Director is.  Based on the Court's internet research, it appears that Trial Director is an evidence presentation software program.  See http://www.legaleyesinc.com/multimedia.htm.

[4]      It is true that defendant has not submitted any type of invoice or statement to verify the charge.  On the other hand, defendant's attorney has signed a declaration which states that the costs are correct and were necessarily incurred in the action.  See Affidavit Of Meredith J. Run, attached to proposed bill of costs (Doc. #91).

transcript according to the designations which it intended to offer at trial.[5]  See Sprint's Reply (Doc. #93) at 2.  This Court has found that costs incurred to show a video deposition at trial are generally recoverable.  See Seyler v. Burlington N. Santa Fe Corp., No. 99-2342-KHV, 2006 WL 3772312, at *3 (D. Kan. Dec. 20, 2006) (allowing cost of time-stamping on deposition transcript as cost to show video deposition at trial).  Accordingly, the Court will allow $329.82 for loading plaintiff's videotaped deposition into Trial Director.

    **IT IS THEREFORE ORDERED** that Plaintiff's Motion For Re-Tax (Doc. #95) filed April 5, 2007 be and hereby is **SUSTAINED in part.**  The Court will not tax costs of $968.00 for the transcript of plaintiff's trial testimony.  Defendant may recover costs of $1,862.15 for deposition transcripts, $953.00 for photocopies and $329.82 for loading plaintiff's videotaped deposition into Trial Director, for a total of $3,144.97 in recoverable costs.

    Dated this 7th day of June, 2006 at Kansas City, Kansas.

                                        s/ Kathryn H. Vratil
                                        Kathryn H. Vratil
                                        United States District Judge

---

[5]     The pretrial order states that "[a] party who offers a videotaped deposition must edit the tape according to the designations and court's rulings so that it can be played in a manner that will not delay trial."  Doc. #28 at 19, ¶ 14(d)(2).